# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br><br>CURTIS T. TROTTER,<br><br>                            Defendant. | Case No. 17-CR-227-JPS<br><br>**ORDER** |

Defendant Curtis T. Trotter is charged by indictment with three bank robberies occurring in October and November 2017, brandishing a gun during each of those robberies, and possessing a gun after having been convicted of a domestic violence crime. (Docket #11). The government filed a criminal complaint against Defendant on December 1, 2017. (Docket #1). Upon his initial appearance before Magistrate Judge David E. Jones on December 4, 2017, Magistrate Jones ordered that Defendant be detained. (Docket #2 and #4). On December 18, 2017, Defendant filed a motion for review of that decision in this Court pursuant to 18 U.S.C. § 3145(b). (Docket #10). The next day, the government filed its indictment. The government responded to Defendant's motion the day after that, (Docket #12), and Defendant has informed the Court that he will not offer a reply.

Under 18 U.S.C. § 3145(b), the district court reviews a magistrate judge's bail decision *de novo*. *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). The district judge may "start from scratch" and hold a new hearing or review the proceedings before the magistrate. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court finds the

parties' written submissions and the existing record are sufficient to conduct its review, so it declines to hold a hearing.

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained to permit revocation of conditional release, or detained. 18 U.S.C. §§ 3142(a), (e). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g).

If a person is indicted for a brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c), a rebuttable presumption arises that no conditions will reasonably assure the appearance of the defendant and the safety of the community. *Id.* § 3142(e)(3)(B); *United States v. Dominguez*, 783 F.2d 702, 706 n.7 (7th Cir. 1986). The presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. *Portes*, 786 F.2d at 764. Even if it is rebutted, the presumption nevertheless remains in the case as an evidentiary finding militating against release, although the ultimate burden of persuasion rests with the government. *Dominguez*, 783 F.2d at 707.

Defendant admits that the presumption of detention should apply. (Docket #2). He must therefore provide some evidence that he does not

present a continuing danger of flight or violence. Before Magistrate Jones, Defendant argued that he has a history of mental health problems, exacerbated by self-medication with controlled substances. Defendant also had a mentally stressful year, including the murder of his brother. Defendant claimed that his criminal behavior stemmed from this mental illness and stress. Defendant proposed being released, on location monitoring, to the care of his mother, as well as undergoing mental health and drug treatments.

Magistrate Jones found that the presumption was not overcome in light of Defendant's criminal history, the armed, violent nature of his crimes, his history of substance abuse, and his lack of a stable residence or employment. (Docket #4). Upon review of the Section 3142(g) factors, this Court agrees. Defendant is charged with a series of violent, armed bank robberies, and confessed to two of them. Before Magistrate Jones, this case was based on merely a criminal complaint, but Defendant has now been indicted. Defendant admits to illegal drug use, having mental health issues, and a checkered criminal history (though without a felony conviction). Finally, Defendant's continued mental instability threatens similarly violent behavior if he is released.

Defendant's instant motion presents precisely the same arguments that Magistrate Jones rejected. The Court concurs with Magistrate Jones' assessment. Though Defendant claims that his offenses came during a limited "mental breakdown" period, this does not appear to be entirely true. Instead, Defendant's submissions show that his mental state remains, to put it lightly, unsettled. *See* (Docket #10 at 4) (Defendant has schizophrenia and experiences hallucinations); *id.* at 5 (Defendant relates

that since his brother's death, he negligently allowed his disability benefits to lapse, squandered an auto accident settlement, and stopped taking his prescription medication in favor of self-medicating with illicit drugs); *id.* at 4 n.1 (Defendant's counsel has retained a psychologist to investigate Defendant's competence to stand trial). Thus, even with Defendant's proposed conditions of living with his mother and mental health and drug treatment, the Court cannot be confident in his impulse control or his ability to comply with the conditions he desires. The Court will not, therefore, revoke Magistrate Jones' order of detention. 18 U.S.C. § 3145(b).

Accordingly,

**IT IS ORDERED** that Defendant's motion to review Magistrate Judge David E. Jones' detention order of December 5, 2017 (Docket #10) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge