# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

CURTIS T. TROTTER,

Defendant.

Case No. 17-CR-227-JPS

**ORDER**

The Court has previously denied Defendant Curtis Trotter's ("Defendant") motions for compassionate release. ECF Nos. 34, 43, 47, 51. Defendant has now filed another motion for compassionate release. ECF No. 54. The Court will deny this motion.

Defendant's motion references various bases for a sentence reduction. *See generally id.* He references having ill grandparents, which can theoretically be a basis for compassionate release. *See id.;* U.S.S.G. § 1B1.13(b)(3)(D). However, the Court already considered and rejected this reason for compassionate release. ECF No. 43 at 6–7; *see United States v. Hicks*, No. 1:08-cr-45-JMS-MJD-01, 2021 WL 136199, at *3 (S.D. Ind. Jan. 14, 2021) (denying renewed compassionate release motion where defendant "provide[d] no new facts or arguments supporting compassionate release").

Defendant further states that he "did not recieve [sic] first step or second chance act." ECF No. 54. To the extent Defendant is invoking the sentence reductions for earned time credit authorized by the First Step Act of 2018, he is statutorily ineligible for such a reduction because one of his offenses of conviction was a violation of 18 U.S.C. § 924(c). *See* ECF No. 30

at 1 (sentencing judgment); ECF No. 47 at 1 (Defendant's prior compassionate release motion acknowledging that he is not permitted a reduction in his sentence for "earned time credits"); 18 U.S.C. § 3632(d)(4)(D)(xxii).

If Defendant is referring to credits for good conduct, *see* 18 U.S.C. § 3624(b)(1), the United States Probation Office for the Eastern District of Wisconsin ("Probation") has advised the Court that Defendant lost such good time credit due to disciplinary infractions. This explains why his release date is now in December 2026.

With respect to Defendant's reference to the Second Chance Act, as well as his references to time in a halfway house, ECF No. 54, the Court provides the following information. "Under the Second Chance Act of 2007, federal inmates may be eligible for prerelease RRC placement," i.e., time in a residential reentry center or halfway house. *How Residential Reentry Centers Operate and When to Impose*, U.S. COURTS, https://www.uscourts.gov/about-federal-courts/probation-and-pretrial-services/evidence-based-practices/residential-reentry-centers-reference-guide/how-residential-reentry-centers-operate-and-when-impose [perma.cc/Q6FC-K9ZM] (last visited Nov. 12, 2026). "Prerelease placement to a RRC and length of stay are dependent upon the [Bureau of Prisons' ("BOP")] assessment of the inmate's need for transitional services, the risk the inmate might pose to the community, and risk for recidivism." *Id.* Probation informed the Court that Defendant was placed in a halfway house, but the placement was canceled by the BOP, likely due to shortages in bed space, or possibly disciplinary issues. Halfway house placement is the prerogative of the BOP, *see id.* ("The BOP has the authority to place an inmate in a RRC while serving the remainder of the sentence."), and the

Court has not otherwise directed that Defendant spend time in a residential reentry center, *see* ECF No. 30 at 4–5 (conditions of supervised release), so the Court will not interfere in the BOP's determination.

For all these reasons, the Court is unable to reduce Defendant's sentence and is obligated to deny Defendant's motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Curtis T. Trotter's motion for compassionate release, ECF No. 54, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge